# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HERNANDEZ GONZALEZ,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>WISE, *et al.*,<br><br>　　　　　　　Defendants. | No.  1:23-cv-01501-NODJ-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 26)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Michael Hernandez Gonzalez is a state prisoner proceeding *pro se and in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The court screened Plaintiff's complaint, and Plaintiff was granted leave to amend.  Plaintiff's first amended complaint is before the Court for screening.  (ECF No. 1.)

**I.　　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at California Substance Abuse Treatment Facility ("SATF"). Plaintiff names as defendants: (1) Agent Jim Wise, parole agent for CSATF/CSP, (2) MD Doctor David Smith, CSATF/CSP; (3) CSP, Corcoran, (4) Atascadero Dept. Hospital, (5) Fresno County Jail, (6) Sgt R. Uzzura, Fresno Jail Classification Dept., (7) John Does 1-3, (8) Price, Dept. of State Hospital, (9) Mr. Provencio, adult parole operations.

In claim 1, Plaintiff alleges an Eighth Amendment violation.  Jim Wise, acting as Plaintiff's Parole agent, placed Plaintiff in a halfway house with active gang members and active methamphetamine lab, and Plaintiff refers to Exhibit A and B attached to the first amended complaint.[1]  Jim was a parole officer.  He knew of Plaintiff's history in Fresno County Jail and a

---

[1] On the face page of Exhibit A, Plaintiff wrote: "Plaintiff's information regarding parole agent Jim Wise misconduct allegations that he put me into a half-way house of gang members that were making methamphetime in that house that after I left I was labelled a snitch to become a victim for my safety!" (unedited text), ECF No. 26, p. 14.

On the face page of Exhibit B, Plaintiff wrote: "My claim that classification Dept Sgt. R. Uzzura knew my life in Fresno Jail was a high a rise to be killed, and like out, or in, the Sgt. R. Uzzura did not care to provide me the beatings I had to me in the Fresno County jail time after time, because my label has a snitch to Bloods & Bulldog gangs and to add, I was the person that was said I told the internal affairs that officer Gonzales & etc were busted to the facts of drugs to gang members and came on TV News 30 at June 25, 2021 on TV at 6:00 pm and gave the jail guards a

victim of assaults and more. He knew of active gang members in the halfway home and put Plaintiff in this home of his own authority showing deliberate indifference to Plaintiff's safety. As a result Plaintiff was quickly labeled a snitch by the gang active residents. Plaintiff was shot three times and suffering for lifelong injuries. And was a direct result of Defendant Wise's uncaring action and responsibility for the black gang members making meth for Fresno Gangs of Bloods and Bulldogs. Plaintiff was labeled a snitch for DEA and FPD and because Agent Wise knew Plaintiff left the parole house, Plaintiff became an obvious victim. Plaintiff became homeless with no safety on the streets or to get medical and mental needs. Plaintiff said he had GPS on his leg "the agent Jim Wise, and also Wise knew critical facts I almost loss my left foot" at CRMC Hospital, besides being shot in his right side of his chest, right leg and a rupture shoulder.

Plaintiff alleges a violation of First Amendment to his grievance before the Court when Agent Wise did not inform the Court of Plaintiff's hospitalization for the assault at the halfway house, his case was dismissed for failure to prosecute, referring to Exhibits D and E.[2]

Agent Wise and also Defendant David Smith MD, a physician at CSATF, failed to provide even a minimum of care for Plaintiff's right shoulder repair from Fresno County Jail

---

bad name of conduct towards the Fresno County Jail, also internal affairs to this matter of their officers?" (unedited text), ECF No. 26, p. 18.

[2] On the face page of Exhibit C, Plaintiff wrote "Memorandum of pain suffering that I write of lack medical treatment of surgeries I must needed for my shoulder & eye & ear that injuries occurring at Fresno County Jail and besides Sgt R Uzzurn the hospital ASH knew I need repairs for me that was major and both jail & ASH did not care, (note) I felt [sic] 3 stories and took me to the outside hosipal [sic] and told ASH I needed surgerys [sic] and no legal counsel I never got help till back at CSATF that Fresno County Jail & Agent Jim Wise were liable for that never cared by major pain for my life" (unedited text).

On the face page of Exhibit D, Plaintiff wrote: "The defendant attorney thur the years was unable to get my jail &agents medical & mental records as well video footage photo graphs and claims they were unable to obtain copies of these items." (unedited text).

The Court cannot locate and Exhibit E in the list of submitted Exhibits. On the face page of Exhibit F, Plaintiff wrote: "Records of beating and great bodly injurys of surgerys done thur the years on me because of action of Agent Jim Wise & Sgt R. Uzzura of Fresno Jail that also show Defendant MD David Smith surgerys on me." (unedited text).

3

1 major injury due to the deliberate and calculated acts that took place. Classification Dept. Sgt r.
2 Uzzura "fail the lasting to the effect and events to me physicialy [sic] and mental scars." It was
3 deliberate indifference by Agent Wise, MD Smith at Fresno Jail, Sgt. R. Uzzura. Plaintiff was
4 diagnosed with PTSD. (ECF No. 26, p.5, citing Exhibit F) Plaintiff alleges he talked to
5 classification officer Sgt R. Uzzura and discussed how Plaintiff was assaulted at Fresno County
6 Jail and knew firsthand the major injuries Plaintiff sustained both physically and mentally.
7 Plaintiff was sent to Atascadero State Hospital for surgery on his shoulder, ear, and eye and also
8 for a competency evaluation. Plaintiff went thru CRMC Hospital because of Defendant Wise and
9 Smith's action that are fully permanent injuries to Plaintiff.

10 Plaintiff alleges that Defendant Mr. Provencio called Plaintiff's counselor and had
11 Plaintiff go to the office. Mr. Provencio said that he and his department is investigating and
12 gathering evidence about the three lawsuits which were blocked for Plaintiff. Mr. Provencio told
13 Plaintiff that there is a lot of evidence showing facts and major merits to lawsuits, Plaintiff has
14 gone through 3 shoulder, 2 ear, 1 eye surgery. He knew Plaintiff had x-rays for the right shoulder
15 on April 12, 2024 that proves Plaintiff has a full rupture of his shoulder. The prison doctor and
16 the RN, Mrs. Kay SATF medical dept. lied to Plaintiff telling Plaintiff that he would be going to
17 outside medical doctor, which Plaintiff has not seen.

18 As remedies, Plaintiff seeks to have the merits of his claims reviewed for the compound
19 fracture to his right shoulder, plus ear, and eye that are permanent. Plaintiff seeks compensatory
20 damages.

21 **III.    Discussion**

22 Plaintiff's complaint fails to state a cognizable claim under 42 U.S.C. § 1983 and fails to
23 comply with Federal Rules of Civil Procedure 8, 18, and 20. Despite being provided relevant
24 legal and pleading standards, Plaintiff has been unable to cure deficiencies.

25 **Federal Rule of Civil Procedure 8**

26 Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim
27 showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are
28 not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1  conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set
2  forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its
3  face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are
4  accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572
5  F.3d at 969.

6        Plaintiff's complaint is relatively short, but it is not plain statement of his claims. Many of
7  Plaintiff's allegations are conclusory or confusing and do not state what happened, when it
8  happened, or which defendant was involved. For instance, Plaintiff seems to challenge his
9  placement in a halfway house. He fails to state the factual basis for his conclusions and it unclear
10 what the probation officer did or did not do or knew or did not know which violated Plaintiff's
11 constitutional rights. Plaintiff appears to challenge medical care for a fall at some point during his
12 incarceration and possibly injuries from "beating." It is unclear which defendant did what and
13 what the defendants did to violate Plaintiff's constitutional rights. The allegations jump between
14 events, and do follow any chronology such that the Court can follow the allegations. As Plaintiff
15 was informed, Plaintiff must clearly state what happened, when it happened, and who was
16 involved.³ He has failed to cure this deficiency.

17       While "much liberality is allowed in construing pro se complaints, a pro se litigant cannot
18 simply dump a stack of exhibits on the court and expect the court to sift through them to
19 determine if some nugget is buried somewhere in that mountain of papers, waiting to be
20 unearthed and refined into a cognizable claim." *Samtani v. City of Laredo*, 274 F. Supp. 3d 695,
21 698 (S.D. Tex. 2017). "The Court will not comb through attached exhibits seeking to determine

---

³ Plaintiff has inappropriately expanded the allegations from that permitted in the original complaint. Plaintiff was warned that "Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint." (ECF No. 24 p.9.) Plaintiff has added numerous previously unnamed defendants and added additional claims from his original complaint. Plaintiff's prior complaint challenged dismissal of at least two cases: *Gonzalez v. Smith*, Case no. 16c-340, Kings County Superior Court and *Gonzalez v. Classification Dept.*, Case. No. 15-cv-1200 BAM. Plaintiff claimed that the cases should not have been dismissed because Plaintiff was in the hospital and he asked that the Court "review the merits" of his cases. Plaintiff's first amended complaint, however, changes the nature of this suit.

whether a claim possibly could have been stated where the pleading itself does not state a claim. In short, [Plaintiff] must state a claim, not merely attach exhibits." *Stewart v. Nevada*, No. 2:09-CV-01063-PMP-GWF, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011).  The Court has reviewed the exhibits but does not search the exhibits for cognizable claims.

**Federal Rules of Civil Procedure 18 and 20**

Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec. 11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).  The "same transaction" requirement refers to similarity in the factual background of a claim.  *Id.* at 1349.  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants in a single action. For instance, Plaintiff may not state unrelated claims for failure to protect, being called a snitch, dismissal of his civil lawsuits, state created danger, and also medical malpractice against a doctor who did surgery or who did not do surgery, or for being classified for housing in a certain manner.  Unrelated claims involving multiple defendants belong in different suits.  Despite being informed he may not include every claim, Plaintiff has joined unrelated claims.

**Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

6

the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff's complaint fails to link David Smith, John Does 1-3, Price and Mr. Provencio to any wrongful conduct.  While Plaintiff may have identified some of the Defendants in the body of the allegations, he fails to allege what conduct they engaged in which violated his constitutional rights.  For instance, Plaintiff alleges he did not get adequate medical care, but alleges that he has had a number of surgeries and does not identify what he believed Dr. Smith or Price did to violate his rights.

**Eleventh Amendment Immunity**

"The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States, and by its own citizens as well." *Lapides v. Bd. Of Regents*, 535 U.S. 613, 616 (2002). (citation omitted); see *Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," *Wolfson*, 616 F.3d at 1065–66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, e.g., *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Buckwalter v. Nevada Bd. Of Medical Examiners*, 678 F.3d 737, 740 n. 1 (9th Cir. 2012).

A state agency is entitled to the same Eleventh Amendment immunity enjoyed by the State when a judgment against the agency "would have had essentially the same practical consequences as a judgment against the State itself." *Lake Country Estates, Inc. v. Tahoe Regional Planning* Agency, 440 U.S. 391, 401 (1979). Accordingly, Corcoran State Prison is a part of the California Department of Corrections and Rehabilitation and is therefore immune from § 1983 liability.  In addition, because Atascadero State Hospital is part of the California Department of State Hospitals, which is a state agency, it is also entitled to Eleventh Amendment

immunity from suit.

**Fresno County Jail – *Monell* liability**

In this instance, Plaintiff names the Fresno County Jail as defendant. The Court liberally construes this allegation as a claim against Fresno County.  Under section 1983, however, a local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978). Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007). Plaintiff does not allege facts to support a claim that any alleged constitutional violation was the result of a deliberate policy, custom or practice instituted by the Fresno County. Plaintiff merely names the Fresno County Jail as the location of his incarceration and as the employer of some of the defendants. Plaintiff cannot state a claim based upon a *respondeat superior* theory of liability.

**State Created Danger**

It appears Plaintiff challenges his placement in a halfway house by his probation officer. The Due Process Clause "does not 'impose a duty on the state to protect individuals from third parties.'" *Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019) (quoting *Morgan v. Gonzales*, 495 F.3d 1084, 1093 (9th Cir. 2007)). But an exception to this rule is where the state "affirmatively places [a plaintiff] in danger by acting with deliberate indifference to a known or obvious danger." *Id.* (internal quotation marks omitted) (citing *Patel v. Kent. Sch. Dist.*, 648 F.3d 965, 971-72 (9th Cir. 2011)). To succeed on a claim under the state-created danger doctrine, plaintiffs must establish, (1) "that the officers' affirmative actions created or exposed [them] to an actual, particularized danger that [they] would not otherwise have faced"; (2) "that the injury [they] suffered was foreseeable"; and (3) "that the officers were deliberately indifferent to the known danger." *Id.*

Plaintiff's conclusory allegations that Agent Wise placed Plaintiff in the halfway house knowing of the gangs fails to state a claim.  Plaintiff fails to state factual support for this claim

8

and factual support that Agent Wise knew gangs would harm Plaintiff.  Plaintiff has failed to cure this deficiency.

**Medical Care**

If plaintiff was a convicted prisoner when he had surgery, the Eighth Amendment applies. A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096.  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff fails to state a claim against the medical doctor. Plaintiff fails to state any factual support as to what any medical professional did or did not do which violated his rights. Moreover, this claim is improperly joined.

///

**Failure to Protect**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference . . ." *Labatad v. Corrs. Corp. of Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners or others because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. *Farmer*, 511 U.S. at 833; *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 834, 841; *Clem*, 566 F.3d at 1181; *Hearns*, 413 F.3d at 1040.

Plaintiff's complaint fails to state a cognizable claim for failure to protect against any Defendant. There is no factual support in the complaint that any Defendant was aware that Plaintiff was at risk of serious harm at the hands of gang members, or other prisoners or other persons and failed to act despite the knowledge.

**State Law Claims**

To the extent Plaintiff also alleges violations of California law, Plaintiff is informed that the California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2,

945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde),* 32 Cal.4th 1234, 1239 (Cal. 2004); *Shirk v. Vista Unified School District*, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; *Bodde,* 32 Cal.4th at 1244. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a complaint to general demurrer for failure to state a cause of action." *Bodde*, 32 Cal.4th at 1239.

Plaintiff does not allege that he has complied with the Government Claims Act.

### IV.   Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff's first amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 3, 2024**            /s/ *Barbara A. McAuliffe*
                                                                                  UNITED STATES MAGISTRATE JUDGE