# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HERNANDEZ GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>WISE, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-01501-KES-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 30) |

Plaintiff Michael Hernandez Gonzalez ("Plaintiff") is a state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On September 4, 2024, the Court screened the first amended complaint and issued findings and recommendations that this action be dismissed, with prejudice, for failure to state a cognizable claim upon which relief may be granted. (ECF No. 27.) The findings and recommendations, and Plaintiff's objections, are pending before the assigned District Judge. (ECF Nos. 27–29.)

Currently before the Court is Plaintiff's motion for appointment of counsel, filed October 21, 2024. (ECF No. 30.) Plaintiff states that he has tested to be at a fifth grade level and has limited knowledge of how to navigate the legal system. Plaintiff is receiving medications for medical and mental health issues, including PTSD, making it very difficult for him to concentrate and properly pursue his civil complaint. Plaintiff further requests that the Court consider: factual complexity requiring expert testimony; Plaintiff's ability to investigate; conflicting testimony;

1

Plaintiff's ability to present his claim due to his indigency; legal and medical complexity; merits of his lawsuit he can prove with counsel; and that Plaintiff's demand for a jury trial.  Plaintiff further argues that Court-appointed counsel will restore the public's faith that if law enforcement betrays the public trust and abuse their oath of office, the courts will see that justice is delivered.  (*Id.*)

Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed almost daily by prisoners with limited education, serious medical and mental health conditions, and limited financial resources.  These plaintiffs must also litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  The Court screened Plaintiff's first amended complaint and did not find that it stated any cognizable claims.  The Court's findings and recommendations to dismiss this action for failure to state a claim are currently pending before the District Judge, and if adopted, will terminate this action.  Finally, based on a review of the

record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 30), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **October 23, 2024**              /s/ Barbara A. McAuliffe           _
                                           UNITED STATES MAGISTRATE JUDGE