UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HERNANDEZ GONZALEZ,<br>Plaintiff,<br>v.<br>WISE, et al.,<br>Defendants. | Case No. 1:23-cv-01501-KES-BAM (PC)<br>ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION<br>Docs. 36, 37, 38, 40, 41 |

Plaintiff Michael Hernandez Gonzalez is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 4, 2024, the assigned magistrate judge screened the first amended complaint and issued findings and recommendations, recommending that this action be dismissed for failure to state a cognizable claim upon which relief may be granted. Doc. 27. Plaintiff filed objections to the findings and recommendations on September 23, 2024 and October 9, 2024. Docs. 28, 29. The findings and recommendations were adopted on September 22, 2025, and this action was dismissed for failure to state a cognizable claim upon which relief may be granted. Doc. 34. Judgment was entered on September 22, 2025. Doc. 35.

Currently before the court are (1) plaintiff's "objections to the magistrate judge's motions to close this civil case for failure to state a cognizable claim for relief," filed October 2, 2025 (Doc. 36), (2) plaintiff's motion to reopen this case, filed October 9, 2025 (Doc. 37),

(3) plaintiff's "objections to magistrate judge's findings and recommendation to state a cognizable claim [on] which relief may be granted," filed October 17, 2025 (Doc. 38), (4) plaintiff's motion concerning exhibits and merits, filed October 23, 2025 (Doc. 40), and (5) plaintiff's request to amend, filed November 7, 2025 (Doc. 41). The Court construes the objections, motion to reopen, request to amend, and motion concerning exhibits (Docs. 36–38, 40–41) as motions under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment, or as motions under Rule 60(b) for relief from the judgment.

A motion under Rule 59(e) must be filed no later than twenty-eight (28) days after entry of the judgment. *See* Fed. R. Civ. P. 59(e); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); *see also Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *accord Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Additionally, pursuant to this court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff's motions for reconsideration do not provide any basis for overturning the judgment under Rule 59(e) or Rule 60. Plaintiff mistakenly asserts that this case was dismissed for failure to comply with court orders. Doc. 36 at 2; Doc. 38 at 2. Plaintiff also appears to argue that the case was dismissed for failure to serve the defendants. *See* Doc. 36 at 2; Doc. 38 at 2.

But the court dismissed this case for failure to state a claim upon which relief could be granted, not for these other grounds plaintiff addresses in his filings. *See* Docs. 27, 31.

Although plaintiff objects to the dismissal of his case, he has not identified clear error nor manifest injustice in the court's order dismissing this action. He also has not presented any new or different facts in his motions or other grounds for reconsidering the court's final order. Plaintiff was previously given an opportunity to amend his complaint to state a cognizable claim, but he was unable to do so despite being provided with the relevant pleading and legal standards. *See* Docs. 24, 27. Plaintiff's lodged second amended complaint (Doc. 39) would also not cure the deficiencies identified in the court's prior order. *See* Docs. 24, 27, 34. Plaintiff's motion concerning his exhibits and disabilities (Doc. 40), and plaintiff's request to amend his complaint (Doc. 41), similarly do not establish any basis for reopening this case.

For these reasons, plaintiff's construed motions for reconsideration (Docs. 36, 37, and 38), plaintiffs' motion concerning his exhibits and disabilities (Doc. 40), and plaintiff's request to amend his complaint (Doc. 41) are DENIED. This action remains closed.

IT IS SO ORDERED.

Dated: September 15, 2026

UNITED STATES DISTRICT JUDGE